## EDWARD J. ROBBINS *versus* JAMES OTIS.*

In *assumpsit* for goods sold, the plaintiff, to take the case out of the statute of limita tions, proved that the defendant said he would pay for the goods, if *A. B. would say that he had had them*, or, *if the plaintiff would prove it by A. B.* — leaving it un certain which expression was used. *Held*, that the plaintiff had not laid a founda tion for the admission of proof of A. B.'s declarations.

THIS was an action of *assumpsit* to recover the price of a quantity of timber sold to the defendant in 1808. The statute of limitations was pleaded, and the plaintiff, in order to take the case out of the statute, produced a witness who tes-

---

See 1 Pick. 368, S C

ified that the defendant said either, "*if Ellison will say* that I have had the timber," or, 'if the plaintiff *will prove by Ellison* that I have had it, I will pay for it," but which of these two expressions was used, the witness could not remember. The plaintiff then offered to prove that Ellison did say the defendant had had the timber, but this evidence was objected to, on the ground that the above expressions meant two different things and it was not clearly proved that the defendant said he would pay if Ellison would say he had had the timber, and so no foundation was laid for the admission of the evidence offered ; and the judge who tried the cause, being of this opinion, rejected the evidence.

*Thacher* and *Warner* now contended, that it was a question for the jury, whether either, and which of the expressions, had been used by the defendant, and that the evidence rejected should have been received, to be considered by the jury or not, according as they should determine the first question. *Aylwin* v. *Ulmer*, 12 Mass R. 22 ; *Tyler* v. *Ulmer*, ibid. 169.

But the whole *Court*, for the reason before given, were of opinion that the evidence in question was rightly rejected.